UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 06-17 |
| GALVIN JENNINGS | SECTION: "S" |

### ORDER AND REASONS

**IT IS ORDERED** that defendant's Motion to Review Order of Detention (Document 25) is hereby **DENIED.**

**A.    Background.**

Defendant Galvin Jennings was indicted for possession with intent to distribute cocaine hydrochloride and fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  The magistrate judge conducted a detention hearing on January 19, 2006 and released Jennings on a $25,000.00 property bond.

Jennings pleaded guilty to the indictment on March 8, 2006.  Jennings requested, and the government did not oppose, pre-sentencing release under his existing bond.  On March 15, 2006, the United States Pretrial Services Office moved the court to revoke Jennings' bond pending

1

sentencing because (1) Jennings had been arrested for driving while intoxicated and did not report his arrest to the pretrial services office, and (2) defendant submitted a urine specimen that tested positive for marijuana. The magistrate judge revoked Jennings' bond on March 23, 2006 and remanded him to the United States Marshal. Jennings has appealed this determination.

**B.     Analysis.**

18 U.S.C. § 3143(a)(2) provides:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142[1] and is awaiting imposition or execution of sentence be detained unless –
>
> (A)(I) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Because Jennings has pleaded guilty and there is no likelihood that a motion for acquittal or new trial will be granted, Jennings may be released under § 3143(a)(2) only if the government has recommended that he receive no sentence of imprisonment. The government has not made such a recommendation, and the offense to which Jennings pleaded guilty carries a mandatory minimum term of incarceration of ten years.

Additionally, 18 U.S.C. § 3145(c) provides that a defendant subject to detention under § 3143(a)(2) maybe released if "exceptional circumstances" exist. Exceptional circumstances may exist if there is "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004). Jennings identifies no

---

[1] 18 U.S.C. § 3142(f)(1)(C) includes controlled substance offenses whose maximum term of imprisonment is ten years or more. Jennings pleaded guilty to an offense whose maximum term of imprisonment is life.

exceptional circumstances justifying his release.

**C.     Conclusion.**

       Jennings' motion for review of the magistrate judge's detention order is denied.

 New Orleans, Louisiana this  18th  day of May, 2006.

                                    _____
                                    **Mary Ann Vial Lemmon**
                                    **United States District Judge**